## A. L. GARRETT v. THE STATE.

No. 11882.   Delivered March 27, 1929.
Rehearing denied October 9, 1929.

The opinion states the case.

Brief for appellant not signed.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was convicted of fraudulently receiving and concealing stolen property under the fourth count of an indictment charging him with such offense. His penalty was assessed at two years' confinement in the penitentiary.

The transcript shows that court adjourned on January 28, 1928, and none of appellant's bills of exception were filed until April 25, 1928. No order of extension appears in the record. Under the terms of Art. 760, C. C. P. (1925), appellant's bills were filed too late for consideration.

It is claimed that there exists no such offense as the one of which appellant was convicted. The verdict, judgment and sentence follow the fourth count of the indictment which correctly charges that appellant fraudulently received and concealed stolen property. A rather exhaustive discussion of this question will be found in the recent case of Ed Smith and Jim Wright v. State, No. 11520, opinion handed down on February 6, 1929. Under this authority, appellant's contention is without merit.

We have carefully examined the evidence and believing the same sufficient, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The issues of law and fact in this case are identical with those in the case of A. L. Garrett v. State, No. 11,881, this day decided, in an opinion handed down on motion for rehearing. The discussion in said last-mentioned opinion sufficiently and fully disposes of all contentions made in this case with the exception that in the instant case it is claimed that proper exception was made to the quoted portion of the charge appearing in the opinion in No. 11,881, referred to above. The exception is as follows:

"The defendant excepts to paragraph '2' of paragraph 'II' of the court's charge, for the reason that in sentence No. '(1)' the court failed to state that the property had to be acquired by a person

other than the defendant, and by virtue of such fact the jury might be mislead and justified in assuming or believing that they could find defendant guilty of the second, third, or fourth counts of the indictment, even if defendant himself had stolen the car."

In applying the law to the facts, the court in the instant case followed the allegations of the indictment and required the jury to believe, beyond a reasonable doubt, that the appellant fraudulently received from some person or persons to the grand jurors unknown, the automobile in question. No such application of the law was made in the case of Kyle v. State, 217 S. W. 943, declared by the appellant to be in point and relied on by him for a reversal of this case. The substance and effect of the appellant's contention, as set out in his motion for rehearing, is that the court's charge did not follow the allegations of the indictment and that the jury might have convicted the appellant if the property was received by him from anybody. We do not regard the exception set out above as sufficient to call the court's attention to this point, but giving it this effect, there is no merit in the contention for the reasons set out above. This being the only point properly presented for review, and believing there is no merit in it, the motion for rehearing is overruled.

*Overruled.*